# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| KAREN MORALES, | § § | |
| v. | § § § | Civil Action No. 4:17-CV-00825<br>Judge Mazzant |
| SAFEWAY INC., and/or RANDALL'S<br>FOOD & DRUGS, LP, d/b/a TOM THUMB<br>FOOD & DRUGS. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Certify Order for Interlocutory Appeal or for Reconsideration of Defendants' Motion for Summary Judgment (Dkt. #58). The Court, having reviewed the motion, parties' briefings, and relevant evidence, finds that the motion should be denied.

## BACKGROUND

On November 28, 2017, Karen Morales filed suit in the Eastern District of Texas alleging that Defendants violated Title VII by discriminating against her because of her age and disability. On July 3, 2018, Defendants filed a Motion for Summary Judgment (Dkt. #18). On January 29, 2019, the Court issued a Memorandum Opinion and Order (Dkt. #51) denying Defendants' motion for summary judgment. On February 8, 2019, Defendants filed their Motion to Certify Order for Interlocutory Appeal or for Reconsideration of Defendants' Motion for Summary Judgment (Dkt. #58) solely on the issue of whether Morales is judicially estopped from asserting that she was qualified for the position at the time of her termination. On February 22, 2019, Morales filed her response to the motion (Dkt. #59). On February 27, 2019, Defendants filed their reply (Dkt. #60).

**LEGAL STANDARD**

**Certification of Interlocutory Appeal**

Under 28 U.S.C. § 1292(b), the Court may certify one of its orders for interlocutory appeal if it determines "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" Defendants allege that they have met this standard, and the Court should certify the appeal.

In the Fifth Circuit, interlocutory appeals are exceptional and "[d]o not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Therefore, "[a]ll three…elements should be present before a court certifies an order for interlocutory appeal." *Monroe v. Cessna Aircraft Co.*, No. 2:05-cv-250, 2006 WL 1305116, at *1 (E.D. Tex. May 9, 2006). Additionally, "[s]atisfying these three statutory criteria is not always sufficient, 'as district court judges have unfettered discretion to deny certification even when all three are satisfied.'" *Commil USA, LLC v. Cisco Sys., Inc.*, No. 2:07-cv-341, 2011 WL 738871, at *4 (E.D. Tex. Feb. 23, 2011) (internal citation omitted), *judgment vacated on other grounds by Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920 (May 26, 2015).

**Reconsideration**

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger*

*Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)) (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 585, 862 (5th Cir. 1970)).

Because this is a motion seeking reconsideration of an interlocutory order, the Court uses Federal Rule of Civil Procedure 54(b). "Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *4 (N.D. Tex. Jan. 3, 2018) (quoting FED. R. CIV. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

**ANALYSIS**

Defendants requests the certification of the following question:

> Is an employee judicially estopped from proceeding with a lawsuit when she: (1) unequivocally represents and substantially establishes that she is disabled for the purposes of receiving disability benefits from the Social Security Administration ("SSA"); and (2) fails to explain the contradiction between her status as disabled and allegedly qualified to continue her job responsibilities.

The Court, however, does not accept the premise of Defendants' question because Morales sufficiently explained any discrepancy.

Morales alleges that Defendants terminated her because of her age and disability in violation of the Americans with Disabilities Act of 1990 (ADA) and the Age Discrimination in Employment Act of 1967 (ADEA), respectively. To establish a prima facie case of disability-based discrimination, Morales must be able to prove that she (1) is a member of a protected class; (2) was qualified for the position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class, or that other similarly situated employees not within the protected class were treated more favorably. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). Defendants contend that they are entitled to judgment as a matter of law because Morales's assertions made in an application for disability benefits that she was totally disabled at the time of her termination judicially estops her from establishing an essential element of both claims—that she was nevertheless qualified for her position at the time she was terminated.

The Supreme Court has recognized the facial discrepancy that arises when a plaintiff files for disability benefits while simultaneously claiming that she is qualified for the position for the purposes of the ADA. To receive disability benefits, a plaintiff must show that they are unable to work due to their disability. Under the ADA, Morales must be able to prove that she is a "qualified individual with a disability"—that is, a person "who, with or without reasonable accommodation, can perform the essential functions" of her job. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (quoting 42 U.S.C. § 12111(8)). Thus, the Supreme Court recognized that a plaintiff can be disabled under the SSA and nevertheless be a qualified for the purposes of the ADA if they are able to perform the essential functions of the job with an accommodation. A plaintiff need only offer a reasonable explanation for the contradiction.

Therefore, when considering whether Morales is judicially estopped from asserting that she was qualified for the position when she was terminated, the Court is not to determine whether Morales was, in fact, qualified. The Court, rather, is obliged to determine whether she sufficiently explained the discrepancy between the statements she made on her application for Social Security benefits—contending that she was fully disabled at the time she was fired—and the statements made pursuant to her ADA claim—that she was qualified for the position when she was terminated. To that end, Morales, testified in an affidavit that she would have been able to perform the essential duties if she were allowed reasonable accommodations—namely, a cane. See (Dkt. #33-17, at p. 91) (Morales stating that she "could have continued to work and would have appreciated accommodation to use [her] cane"). The Court also notes that it is undisputed that Morales used a cane, stool, and motor cart when she first returned from knee surgery. Defendants, however—and rather peculiarly, revoked use of these accommodations. Nevertheless, the Court is of the opinion that Morales's explanation is sufficient to explain any discrepancy. The Court recognizes no reason to disturb its previous ruling that Defendants failed to show that there was no genuine issue of material fact on the issue of whether Morales was, in fact, qualified for the position at the time she was terminated.

The Court finds that the elements for certification of interlocutory appeal are not met in the present case. The Court's order does not present a substantial ground for a difference of opinion. *See Waste Mgmt. of La., L.L.C. v. Jefferson Parish ex rel. Jefferson Parish Council*, 594 F. App'x 820, 821 (5th Cir. 2014). Further, an order may only be certified for interlocutory appeal under § 1292(b) if it turns on "a pure issue of law, i.e., a question the appellate court can efficiently rule on without making an intensive inquiry into the record." *Software Rights Archive, LLC v. Google, Inc.*, No. 2:07-CV-511, 2009 WL 1797996, at *2 (E.D. Tex. June 24, 2009) (citations omitted);

5

*see also IP Innovation LLC v. Google Inc.*, No. 2:07-CV-503-RRR, 2010 WL 691130 (E.D. Tex. Jan. 6, 2010) (Rader, J. sitting by designation) (denying certification because the question was not a "pure issue of law"). Although the issue of judicial estoppel concerns, in large part, a question of controlling law, the Court finds that present action would require the appellate court to make an intensive inquiry into the record to administer a ruling. The present action is not an exceptional case that suggests that the Court should delay trial while this issue is being considered on appeal. Further, material fact question exists as to whether Morales is a qualified individual, and the Court finds no reason to reconsider its Order (Dkt. #51) denying Defendants' Motion for Summary Judgment.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Certify Order for Interlocutory Appeal or for Reconsideration of Defendants' Motion for Summary Judgment (Dkt. #58) is hereby **DENIED.**

**SIGNED this 8th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE