# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| KAREN MORALES, | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 4:17-cv-825 |
| v. | § | Judge Mazzant |
| | § | |
| SAFEWAY INC., and/or RANDALL'S | § | |
| FOOD & DRUGS, LP, d/b/a TOM THUMB | § | |
| FOOD & DRUGS, | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion to Review Taxation of Costs and Brief in Support (Dkt. #86) and Defendants' Opposed Motion for Bill of Costs (Dkt. #89).

Having considered the motions, the Court finds that Plaintiff's Motion to Review Taxation of Costs and Brief in Support (Dkt. #86) should be **GRANTED in part** and **DENIED in part** and Defendants' Opposed Motion for Bill of Costs (Dkt. #89) should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

On March 11, 2019, the present action came on for trial before the Court and a jury, and on March 14, 2019, the jury returned a verdict that Plaintiff failed to prove that Defendants discriminated against her. On April 17, 2019, the Court entered Judgment on Jury Verdict dismissing the case with prejudice (Dkt. #88).

On March 28, 2019, Defendants filed their original Bill of Costs (Dkt. #82). On April 4, 2019, the Clerk taxed costs in the amount of $2,468.05 (Dkt. #83). On April 11, 2019, Plaintiff filed her Motion to Review Taxation of Costs (Dkt. #86). On May 15, 2019, Defendants filed a response (Dkt. #91). On May 20, 2019, Plaintiff filed a reply (Dkt. #95).

On May 1, 2019, Defendants filed their Opposed Motion for Bill of Costs (Dkt. #89). On August 5, 2019, the Court ordered the parties to file supplemental briefing addressing the factors relevant to whether the Court should deny or reduce costs that Defendants, as the prevailing parties, may be entitled to (Dkt. #98). On August 7, 2019, Plaintiff filed her Supplemental Brief in Support of Motion to Review Taxation of Costs and Brief in Support (Dkt. #99). On August 9, 2019, Defendants filed a response (Dkt. #100).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1).

The Court may tax the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2018).

## ANALYSIS

The Fifth Circuit has explained that "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). The denial of costs is considered "in the nature of a penalty," so the Court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Schwarz*, 767 F.2d at 131. "The

2

burden is on the party seeking an award of costs to show entitlement to an award." *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-cv-00764-WCB-RSP, 2015 WL 164072, at *1 (E.D. Tex. Jan. 13, 2015).

The Court has discretion to deny costs when the "suit was brought in good faith *and* denial is based on at least one of the following factors: '(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794); *see also* 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (4th ed. 1998). Even when the plaintiffs bring suit in good faith, are in dire financial condition, and the defendant has a comparative ability to more easily bear the costs, the Court is not required to deny costs—it must still determine that the plaintiff has overcome the strong presumption that the defendant is entitled to costs. *Chrysler Grp.*, 909 F.3d at 753; *see also Moore v. CITGO Refining & Chemicals Company, L.P.*, 735 F.3d 309, 319–20 (5th Cir. 2013) ("[R]educing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law.").

Turning to the facts of this case, the Court will exercise its discretion to deny certain, but not all, costs to Defendants.

## I.     Mediation

Defendants seek to recover $700.00 in mediation expenses (Dkt. #89-3). But mediation expenses are not taxable as costs under § 1920. *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001); *see also Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202-WCB, 2017 WL 3044594, at *1 (E.D. Tex. July 18, 2017) (noting that courts

"may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary" and that the Supreme Court has admonished courts to "strictly construe this provision") (citing *Mota*, 261 F.3d at 529–30).  Accordingly, the Court will deduct $700.00 from the total costs sought by Defendants.

## II.    Trial Graphics, Video Editing, and Custom Labels

Defendants also seek to tax costs for video editing.  Specifically, Defendants ask the Court to award them costs for video editing fees they incurred in preparation for trial.  Under § 1920(4), costs for exemplification are taxable as costs, and this includes graphics support and demonstratives and exhibits for trial.  28 U.S.C. § 1920; *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 808 (E.D. Tex. 2012).  However, those costs must have been "necessarily obtained for use in the case," and it is Defendants' burden to show entitlement to the video editing costs. 28 U.S.C. § 1920(4).  Defendants claim that, in anticipation of Plaintiff playing portions of a certain video at trial, which was initially in a "format that was difficult to view," they "convert[ed] the video to a different, slightly easier, viewing system for trial" (Dkt. #91).

After consideration, the Court is satisfied that the video edits were necessary for use in the litigation.  Indeed, the conversion was necessary for the video's presentation to the jury. Accordingly, the Court will tax the $975.00 in video editing costs against Plaintiff.

With respect to Defendants' custom labels, the Court will not tax these costs against Plaintiff.  The Court's Order Regarding Exhibits requires each exhibit to be "properly labeled with the following information: identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.  In addition, exhibits shall be placed in three-ring[] binders" (Dkt. #37).  Defendants' Admitted Exhibit List indicates that Defendants had seven (7) exhibits admitted, and the Court simply cannot imagine how Defendants reasonably incurred $480.90 in

complying with its Order regarding those seven (7) exhibits (Dkt. #89-3, pg. 17). Defendants' A-Legal invoice indicates that they purchased 720 custom labels for a total of $288.00 (Dkt. #89-3, pg. 17). That is $0.40/label. Even to the extent that Defendant made four (4) copies of each exhibit—one for Defendants, one for Plaintiff, one for the Court, and one for use on the document viewer—that would be a total of twenty-eight (28) copies for a total of $11.20 worth of labels. The Court will thus tax $11.20 of the $288.00 in labeling costs against Plaintiff, but no more. It will deduct the remaining $276.8 in labeling costs from the total amount of costs sought by Defendants.

Defendants' A-Legal invoice also includes the following line item: "Create 1-time use custom stamp as directed, create pdf placeholders for 2 non-printable files, 2 part custom stamps apply to 22 files 1-21 and 2 #18's, create 60 DEF and 60 PLTF custom stickers" (Dkt. #89-3, pg. 17). The quantity column of the invoice indicates that Defendants ordered "1.75" units of that item, coming out to a total of $131.25 (Dkt. #89-3, pg. 17). For the reasons indicated in the preceding paragraph, and because Defendants have not otherwise indicated how this item was necessarily obtained for use in the litigation, the Court declines to assess this $131.25 cost against Plaintiff and will deduct the same from the total costs sought by Defendants.

Finally, the A-Legal invoice lists $25.00 in charges for "Delivery to Client's Office" and "E-File; Import and setup" (Dkt. #89-3, pg. 17). There is no explanation at all from Defendants as to how these services were necessarily obtained for the litigation rather than for the mere convenience of counsel. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Therefore, the Court will deduct $25.00 from the total costs sought by Defendants. Accordingly, of the $480.90 in total charges reflected on the A-Legal invoice, the Court will tax only $11.20 of

that amount against Plaintiff. The remaining $469.70 final invoice balance will be deducted from the total amount of costs sought by Defendants.

The Court will also point out that Defendants' Proposed Bill of Costs (Dkt. #89-3) includes a charge of $480.80 for services ordered from A-Legal (Dkt. #89-3, pg. 1–2) *in addition* to the charge of $480.90 discussed above. Because there is no corresponding invoice for that charge, the Court will not tax it as a cost to Plaintiff and will deduct the same from the total amount of costs sought by Defendants.

## III.    Depositions

Defendants seek $677.85 in costs for copies of the deposition transcripts of Mindi Edgar, Anthony Veney, and Calvin Erves, and Dory Robert Aboujaoude, M.D. Plaintiff objects to the costs associated with the first three—disputing $607.05 worth of those costs. Moreover, Defendants seek $1,016.78 in costs for the deposition of Plaintiff Karen Morales.

In the Fifth Circuit, "prevailing parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4), respectively, provided they were necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991) (internal quotations omitted). "[A] deposition need not be introduced into evidence at trial in order to be necessarily obtained for use in the case." *Id.* Costs associated with the deposition or copies thereof are taxable "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery." *Id.* "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be

made by the district court," and the district court has "great latitude" in making this determination. *Id.* at 285–86.

Defendants had the opportunity to explain to the Court that the depositions could reasonably be expected to be used at trial or for trial preparation, rather than merely for discovery and/or for the mere convenience of counsel. But they did not do so. In fact, Defendants provided no information at all related to whether copies of the deposition transcripts of the three above-named witnesses were used for trial preparation or merely for discovery and/or for counsels' convenience. Moreover, Ms. Edgar, Mr. Veney, and Mr. Erves all testified as live witnesses during trial, and it does not appear that their deposition testimony was used in pretrial dispositive motions. *See* (Dkt. #18-1, pg. 1). And it is the Court's understanding that Defendants possessed the original deposition transcripts, so although the copies' costs may ordinarily be taxable, it is still the Defendants' burden to demonstrate the *necessity* of obtaining the copies. As Defendants have not done so, the Court declines to assess $607.05 against Plaintiff and deducts the same from the total costs sought by Defendants.

With respect to the $1,016.78 in costs associated with Plaintiff's deposition, her issue with those costs concerns not the base amount for the deposition—$845.00—but the additional $171.78 in costs: the administrative fee; exhibit tabs; exhibits, both in black and white and in color; binding; and shipping and handling (Dkt. #95). There is no clear Fifth Circuit caselaw on whether administrative costs; general—not expedited—shipping costs; exhibit costs; and binding costs are taxable. But the Fifth Circuit has indicated that "[the losing party] should be taxed for the cost of . . . exhibits for use in the case." *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 793 (N.D. Tex. 2014) (quoting *Fogleman*, 920 F.2d at 286). As for the remaining items—administrative fee; shipping fee; and binding fee—Plaintiff makes no argument, and cites no caselaw, supporting her

position that the Court should deduct those costs. Because the Court is of the opinion that those charges were part of the production of the original transcript of Plaintiff's deposition—the cost of which Defendants are entitled to—the Court finds that they are properly taxable to Plaintiff as costs. Accordingly, the Court declines to deduct any of the $1,016.78 in costs associated with Plaintiff's deposition from the total amount of costs sought by Defendants.

## IV. Social Security and Pharmacy Record Subpoenas

Defendants seek to recover $518.15 in costs for subpoenas of Plaintiff's Social Security records and $314.25 in costs for subpoenas of Plaintiff's pharmacy records (Dkt. #89-3, pg. 9–10). The Court declines to tax either cost against Plaintiff. First, Plaintiff provided Defendants authorization to access her earnings and disability records from the Social Security Administration, and Defendants' argument that it "found it necessary to subpoena the documents in order to get a timely response from the agency" is unavailing. Defendants provide no indication whatsoever that they would not have received a timely or adequate response from the agency or that they would otherwise have been unable to access the requested information. Second, Plaintiff's pharmacy records, while potentially relevant to one or more issues to be proved at trial, were not admitted as exhibits, either for Plaintiff or Defendants. See (Dkts. #76, #77). The Court thus does not see how Plaintiff's pharmacy records were necessarily obtained for use during litigation if they were not even admitted as trial exhibits. Accordingly, the Court declines to award Defendants the $832.40 in Social Security and Pharmacy records costs and will deduct the same from the total costs sought by Defendants.

To conclude, the Court finds that the following charges are not taxable against Plaintiff and should be deducted from the $5,236.33 in total costs sought by Defendants: (1) $700 mediation costs; (2) $469.70 labeling costs; (3) $607.05 deposition costs; (4) $832.40 social security and

pharmacy records costs; and (5) $480.80 A-Legal cost.  This totals $3,089.95 in deductions from the $5,236.33 in costs sought by Defendants, leaving Plaintiff responsible for $2,146.38 in costs.[1]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion to Review Taxation of Costs and Brief in Support (Dkt. #86) is **GRANTED in part** and **DENIED in part** and Defendants' Opposed Motion for Bill of Costs (Dkt. #89) is **GRANTED in part** and **DENIED in part**.

Plaintiff is **ORDERED** to render to Defendants $2,146.38 in costs pursuant to Rule 54(d)(1).

**IT IS SO ORDERED.**

**SIGNED this 12th day of March, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] The Court noticed that Defendants included as an exhibit an invoice reflecting $947.29 in costs for private process services (Dkt. #89-3, pg. 15–16).  It does not appear that those costs were included in Defendants' latest calculation of costs, as itemized in their bill of costs (Dkt. #89-3, pg. 1), so the Court will not consider them in this Order.